UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| KIMBERLY ANNE DYER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-cv-02347 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| CITY OF TEMPE, *et al.*, | ) | [Re: Motions at Dockets 41 and 43] |
| | ) | |
| Defendants. | ) | |
| | ) | |

I.  MOTIONS PRESENTED

At docket 41, defendants City of Tempe, Tempe City Attorney's Office, Tempe

Police Department, Tempe City Prosecutor's Office, Tempe Municipal Court, Tempe

City Manager's Office, James Click, Mike Evans, Hugo Zettler, and Louraine Arkfeld

(collectively "the Tempe defendants")[1] move to dismiss plaintiff's claims against them.

At docket 42, defendant Steven McMurray joins the motion to dismiss.  At docket 43,

plaintiff Kimberly Dyer opposes the motion.  Defendants reply at docket 44.  In her

opposition at docket 43, plaintiff also moves to quash defendants' motion to dismiss,

[1]Officer Springstrogh and Bill Amato also move to dismiss plaintiff's claims against them,
but they have not been named as defendants nor served with a summons in this action.

moves for sanctions, and moves to strike references to her amended complaint at docket 5.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

On November 2, 1009, Kimberly Dyer filed a document entitled "Emergency Request for Hearing for Injunctive Relief Statement and Facts for Complaint; Grand Jury Demand; Request for Stays on Related Court Cases," which the Clerk docketed as a complaint.  On November 9, 2009, Ms. Dyer filed a document entitled "Racketeer Influenced and Corrupt Organizations Act ("RICO") and Title 42 U.S.C. 1983-1996 Civil Complaint, Qui Tam," which the Clerk docketed as an amended complaint.  Ms. Dyer's amended complaint alleges nine causes of action: violations of her constitutional rights pursuant to 42 U.S.C. § 1983-1986; negligence; false charges; malicious prosecution; intentional infliction of emotional distress; libel, slander and defamation of character; "civil RICO under 18 U.S.C. § 1961"; "civil RICO conspiracy under 18 U.S.C. § 1962(d)"; and, False Claims Act or Qui Tam under 31 U.S.C. §§ 3729-3733.  An examination of Ms. Dyer's complaint discloses that Ms. Dyer's claims arise from her belief that defendants acted individually and as part of a conspiracy to misuse the legal system and judicial process to harass and punish her.

## III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.[2]  In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the

_____

[2]*De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

-2-

complaint are taken as true and construed in the light most favorable to the nonmoving party."[3]  "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss."[4]  A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5]

To avoid dismissal under Rule 12(b)(6), plaintiffs must aver in their complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]  "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[8] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[9]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,'

---

[3]*Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[4]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[5]B*alistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[6]*Al-Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted)).

[7]*Iqbal*, 129 S.Ct. at 1949.

[8]*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[9]*Id.* (quoting *Twombly*, 550 U.S. at 557).

and reasonable inferences from that content, must be plausibly suggestive of a claim

entitling the plaintiff to relief."[10]

## IV.  DISCUSSION

The Tempe defendants and defendant McMurray move to dismiss Ms. Dyer's

first through eighth causes of action for failure to state a claim upon which relief can be

granted.  The court considers each cause of action in turn.

Ms. Dyer's first cause of action alleges in pertinent part:

> The Plaintiff's U.S. Constitutional Rights to Due Process, Equal Protection,
> A Speedy Trial, First Amendment Rights to Speech in Advocacy to Redress
> Grievances, First Amendment Right of Protected Speech to Report Criminal
> Wrongdoing and Fourth Amendment Right to Protection From Search and
> Seizure, all guaranteed under the Fourteenth Amendment were violated by the
> named government officials under color of law in violation of 42 U.S.C. § 1983.

Ms. Dyer's § 1983 claim further alleges that the City of Tempe is liable for the conduct

of defendants James Click and the Tempe City Police Department on the grounds that

the City used its "ultimate policy making authority to target the Plaintiff with all the

unlawful actions alleged in this complaint to have been committed by city officials."[11]

The complaint also alleges that defendants, acting under color of law, participated in a

civil rights conspiracy against Ms. Dyer under 42 U.S.C. §§ 1983, 1985(2), and 1985(3).

The complaint does not allege any facts in support of Ms. Dyer's claim that her

rights to due process, equal protection, a speedy trial, free speech, and right to be free

from unreasonable search and seizure were violated.  The complaint also fails to allege

facts in support of her claim that defendants engaged in a civil rights conspiracy against

---

[10]*Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

[11]Doc. 5 at p. 25.

her.  More specifically, the complaint fails to allege the misconduct in which each defendant engaged and how such conduct violated Ms. Dyer's rights. Because Ms. Dyer has failed to plead sufficient facts to state a claim for relief under § 1983 or § 1985 that is plausible on its face against the named defendants, the court will grant defendants' motion to dismiss Ms. Dyer's first cause of action.[12]

Ms. Dyer's second cause of action alleges a claim of negligence against all defendants.  Although Ms. Dyer's negligence claim requests special damages from defendants Click, Evans, Zettler, Arkfeld, McMurray, and the Tempe City Police Department, the complaint does not allege any facts in support of a negligence against any of the above defendants, except Judge Steven McMurray.  Accordingly, Ms. Dyer fails to state a claim of negligence upon which relief may be granted against all of the above-named defendants except defendant McMurray.

Ms. Dyer's negligence claim against Judge McMurray alleges that Judge McMurray granted excessive orders against her and denied her the opportunity to provide evidence in support of her need for protection from organized criminals. Ms. Dyer further alleges that an October 2009 filing and hearing in Judge McMurray's court are evidence of his collusion with an illegal crime syndicate.

As the Supreme Court has often explained, judges generally enjoy absolute immunity from suits seeking money damages.[13]  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the

---

[12]*Al-Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted)).

[13]*Mireles v. Waco*, 502 U.S. 9, 9-10 (1991).

proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"[14]  There are two exceptions to the rule of judicial immunity. First, judicial immunity does not shield "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity."[15]  Second, judicial immunity does not protect "actions, though judicial in nature, taken in the complete absence of all jurisdiction."[16]

All of the acts alleged in support of Ms. Dyer's negligence claim against Judge McMurray arise out of her dealings with Judge McMurray in his judicial capacity and involve functions normally performed by a judge, such as entering orders, presiding over a hearing, and making evidentiary rulings.  In addition, there is no basis to assert that the actions by Judge McMurray were taken in the complete absence of jurisdiction. Consequently, Ms. Dyer's negligence claim against defendant McMurray is barred by judicial immunity. For the above reasons, defendants' motion to dismiss Ms. Dyer's second cause of action against the Tempe defendants and defendant McMurray is granted.

Ms. Dyer's third cause of action appears to allege a claim under § 1983 that defendants conspired to bring false charges against her in violation of her constitutional rights.  The complaint does not allege what false charges were brought against

---

[14]*Id.* at 10 (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

[15]*Id.* at 11.

[16]*Id.* at 12.

Ms. Dyer, nor who brought them. Because Ms. Dyer's third cause of action lacks sufficient facts alleged under a cognizable legal theory, it is dismissed.

Ms. Dyer's fourth cause of action alleges a claim of malicious prosecution against the Tempe defendants. "The civil tort of malicious prosecution includes five elements: 'that the defendants (1) instituted a civil action which was (2) motivated by malice, (3) begun [or maintained] without probable cause, (4) terminated in plaintiff's favor and (5) damaged plaintiff.'"[17] Ms. Dyer's complaint alleges that defendant Zettler committed fraud upon the court, withheld discovery and evidence, and refused to address Ms. Dyer's motions. She further alleges that Officer Springstrogh and Click conspired to lie to Ms. Dyer about providing her with a police report number, and copies of a recording of her visit with police and communications to the police. The complaint also alleges that the Tempe defendants took three weeks to provide her with police records in an attempt to obstruct justice. Taking the complaint's allegations as true, Ms. Dyer's complaint fails to allege a prima facie claim of malicious prosecution, and her malicious prosecution claim is dismissed.

Ms. Dyer's fifth cause of action alleges a claim of intentional infliction of emotional distress against the Tempe defendants. To state a claim for intentional infliction of emotional distress requires three elements: 1) the conduct by defendant must be extreme and outrageous, 2) defendant "must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct"; and 3) severe emotional distress must occur as a result of defendant's

---

[17]*Chalpin v. Snyder*, 207 P.3d 666, 671-672 (Ariz. App. 2008) (internal citations and quotations omitted).

conduct.[18]  Ms. Dyer's complaint alleges that Officer Click sent her threatening and
upsetting text messages, and altered his computer to remove communications from
Ms. Dyer.  The complaint also alleges that the Tempe Police Department and City of
Tempe possibly "colluded to cover these crimes by fabricating terrorist related charges
to allow legal entry under homeland security into Plaintiff's home and to interfere with
her communications as a cover-up."[19]  Ms. Dyer further alleges that she informed the
court that she has a condition which makes it important for her to have a stress free
environment, and defendants are capitalizing on that knowledge.  The complaint also
alleges that Hugo Zettler jokes in court, pretends to want to help her, and lies about
communications.

        Even taking all of Ms. Dyer's factual allegations as true, Ms. Dyer has failed to
allege sufficient facts to establish that each defendant engaged in extreme and
outrageous conduct, intended to cause her emotional distress or recklessly disregarded
the near certainty that such distress would result from his or her conduct; and that
severe emotional distress occurred as a result of the defendant's conduct.  Accordingly,
Ms. Dyer's intentional infliction of emotional distress claim is dismissed.

        Ms. Dyer's sixth cause of action alleges claims of libel, slander, and defamation
of character.  "Defamation is composed of libel and slander."[20]  Stated simply, "libel is a

---

        [18]*Citizen Publishing Co. v. Miller*, 115 P.3d 107, 110 (Ariz. 2005) (internal quotation and
citation omitted).

        [19]Doc. 5 at p. 28.

        [20]*Boswell v. Phoenix Newspapers, Inc.*, 730 P.2d 178, 183 n.4 (Ariz. App. 1985).

written or visual defamation, while slander is an oral defamation."[21]  "A defamation action compensates damage to reputation or good name caused by the publication of false information."[22]  Under Arizona law, one who publishes a false and defamatory communication concerning a private person ... is subject to liability only if he or she 1) knows that the statement is false and that it defames the other, 2) acts in reckless disregard of these matters, or 3) acts negligently in failing to ascertain them.[23]  "To be defamatory, a publication must be false and must bring the defamed person into disrepute, contempt, or ridicule, or must impeach plaintiff's honesty, integrity, virtue, or reputation."[24]

Ms. Dyer's sixth cause of action fails to allege sufficient facts to state a claim upon which relief may be granted.  The factual allegations in support of her claim state that Officer Evans stated in a report that is part of the public record his diagnosis that Ms. Dyers is schizophrenic and that she likely did the damage to her garage that he was called to investigate.  Ms. Dyer fails to allege that Evan's statement was false, and that his statement brought her into disrepute, contempt, or ridicule, or impeached her honesty, integrity, virtue, or reputation.  The complaint further alleges that the Tempe City Attorney and City Manager's Officer are purportedly behind terrorist charges against Ms. Dyer and that such charges defame her character and are libelous and

_____

[21]*Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 787 (Ariz. 1989).

[22]*Id.* at 787.

[23]*Peagler v. Phoenix Newspapers, Inc.*, 560 P.2d 1216, 1222 (Ariz. 1977) (internal citation and quotation omitted).

[24]*Godbehere,* 783 P.2d at 787.

slanderous.  Ms. Dyer's claim against the Tempe City Attorney and City Manager's Office fails to allege publication of a statement to a third party, the falseness of the statement, and resulting harm.  For the above reasons, the sixth cause of action is dismissed.

Ms. Dyer's seventh cause of action alleges a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against the Tempe defendants and defendant McMurray.  Section 1964(c) "provides that '[a]ny person injured in his business or property by reason of a violation of section 1962,' the substantive provisions of RICO, may bring a private damages suit."[25]  "Section 1964(c) contains a causation requirement: A plaintiff must show that the defendant's RICO violation was not only a 'but for' cause of his injury, but that it was a proximate cause as well."[26]

Ms. Dyers alleges that she "was injured in her skin clinic business and in her professional reputation as a business woman and paralegal as a result of the defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."[27]  Ms. Dyer specifically alleges that defendants' criminal enterprise initially consisted of her ex-husband's laundering money for organized crime members, but expanded to include actions depriving Ms. Dyer of capital from the marriage necessary to establish her skin care business and support her paralegal profession.  Ms. Dyer further alleges that the criminal enterprise and its co-conspirators committed acts of mail

[25]*Assoc. of Washington Public Hosp. Districts v. Phillip Morris Inc.*, 241 F.3d 696, 701 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c)).

[26]*Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 773 (9th Cir. 2002).

[27]Doc. 5 at p. 30.

and wire fraud, including defendant McMurray's issuing a protective order and defendant Zettler moving to continue trial.

Ms. Dyer fails to state a claim for relief under § 1964 upon which relief may be granted.  The alleged RICO violation was purportedly committed by Ms. Dyer's ex-husband, who is not a defendant in this action.  Moreover, even assuming defendants were co-conspirators in the money laundering, the alleged RICO violation did not cause the injury to Ms. Dyer's skin care and paralegal business.  "RICO liability requires a direct and proximate causal relationship between the asserted injury and the alleged misconduct," which is absent in this case.[28]

Ms. Dyer's eighth cause of action alleges a claim under Section 1962(d) of RICO against the Tempe defendants and defendant McMurray.  Section 1962(d), which proscribes a conspiracy to violate RICO, provides: "It shall be unlawful for any person to conspire to violate any of the [other RICO] provisions."[29]  "It is the mere agreement to violate RICO that § 1962(d) forbids; it is not necessary to prove any substantive RICO violations ever occurred as a result of the conspiracy."[30]  "The illegal agreement need not be express as long as its existence can be inferred from the words, actions, or

---

[28]*Oki Semiconductor*, 298 F.3d at 774.

[29]*Id.* (quoting 18 U.S.C. § 1962(d)).

[30]*Id.*

interdependence of activities and persons involved."[31]  "If a RICO conspiracy is

demonstrated, '[a]ll conspirators are liable for the acts of their co-conspirators.'"[32]

Ms. Dyer's complaint alleges that several of the named defendants, and several

defendants who were named but not served, "made oral and or written agreements to

participate in a common scheme to injure the Plaintiff in her profession and business ...

and [] subsequently participated in the operations of the criminal enterprise and in

obstructing justice to prevent discovery and prosecution of the enterprise and their

fellow conspirators."[33]  Such conclusory allegations are insufficient to defeat a motion to

dismiss.[34]  Moreover, Ms. Dyer has failed to allege sufficient facts from which the court

can infer the existence of an agreement to violate RICO.  For the above reasons,

Ms. Dyer's RICO claims against the Tempe defendants and defendant McMurray are

dismissed.

Finally, Ms. Dyer's ninth cause of action requests declaratory relief under the

False Claims Act that she is the relator and original source of information concerning

her ex-husband's money laundering enterprise.  In support, Ms. Dyer alleges that she

will file a "Qui Tam" action with the U.S. Attorney describing each false claim made by

her ex-husband's clients.  Ms. Dyer's ninth cause of action is premature because she

---

[31] *Id.*

[32] *Id.* (quoting *Sec. Investor Prot. Corp. v. Vigman*, 908 F.2d 1461, 1468 (9th Cir. 1990, *rev'd on other grounds sub nom.*, *Holmes v. Sec Investor Prot. Corp*, 503 U.S. 258 (1992)).

[33] Doc. 5 at p. 31

[34] *Lee*, 250 F.3d at 679.

has not brought a claim under the False Claims Act.[35]  Consequently, her claim is dismissed.

In her motion at docket, 43, Ms. Dyer moves to quash and/or dismiss defendants' motion to dismiss on the grounds that the complaint alleges claims under RICO, which must be heard by a jury.  Ms. Dyer's argument is unavailing because her complaint fails to allege a claim under RICO for which relief can be granted.  Ms. Dyer also moves to strike all references in the record to the complaint at docket 5 as an amended complaint.  Ms. Dyer initially filed a pleading styled an "Emergency Request for Hearing for Injunctive Relief Statement and Facts for Complaint; Grand Jury Demand; Request for Stay on Related Court Cases."  The document filed at docket 1 contained a factual background, a statement of jurisdiction, theories of liability, and a request for relief.  The Clerk of Court correctly construed the pleading as a complaint.  Thus, the complaint at docket 5 is appropriately referred to as an amended complaint.  Ms. Dyer also moves for sanctions but fails to provide either the legal authority or a statement of facts to support her request for sanctions.  Consequently, her request is denied.

## V.  CONCLUSION

For the reasons set out above, defendants' motion to dismiss at docket 41 is **GRANTED**, and all of plaintiff's claims against defendants City of Tempe, Tempe City Attorney's Office, Tempe Police Department, Tempe City Prosecutor's Office, Tempe Municipal Court, Tempe City Manager's Office, James Click, Mike Evans, Hugo Zettler, Louraine Arkfeld, and Steven McMurray are **DISMISSED**.  Encanto Justice Court did

---

[35]31 U.S.C. § 3730(e)(4)(A).

not join the motion to dismiss, so plaintiff's claims against Encanto Justice Court remain

pending.  It is **FURTHER ORDERED** that plaintiff's motion at docket 43 to quash, strike,

and for sanctions is **DENIED**.

DATED this 29th day of October 2010.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE